**In re: MERCEDES–BENZ TELE AID CONTRACT LITIGATION.**

**MDL No. 1914.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 26, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendant Mercedes–Benz USA, LLC (Mercedes) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of New Jersey. The District of New Jersey plaintiff supports the motion. Plaintiffs in the Central District of California action and the Eastern District of New York potential tag-along action support the motion and, alternatively, suggest centralization in the Central District of California. Plaintiffs in the Central District of California potential tag-along action and one Northern District of Illinois potential tag-along action support centralization, but suggest the Northern District of Illinois as transferee district.

This litigation currently consists of three actions listed on Schedule A and pending in three districts, one action each in the

Central District of California, the District of New Jersey, and the Western District of Washington.[1]

■ On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual allegations relating to (1) the impact of the conversion of the cellular network from an analog/digital network to a digital-only network in early 2008, and (2) the availability of Tele Aid service in certain Mercedes vehicles thereafter. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation, because (1) the District of New Jersey action is the most advanced, and (2) defendant Mercedes is headquartered in New Jersey, and relevant documents and witnesses will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Dickinson R. Debevoise for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 1914 — **In re: Mercedes-Benz Tele Aid Contract Litigation**

*Central District of California*

*Cristian Pellegrini v. Mercedes–Benz USA, LLC*, C.A. No. 2:07–4530

*District of New Jersey*

*S.B. Atlass v. Mercedes–Benz USA, LLC*, C.A. No. 2:07–2720

*Western District of Washington*

*Lois Stowers, et al. v. Mercedes–Benz USA, LLC*, C.A. No. 2:07–1797

---

1. The Panel has been notified that six other related actions have been filed, two actions in the Northern District of Illinois, and one action each in the Central District of California, the Eastern District of California, the District of New Jersey, and the Eastern District of New York. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).